UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
**IN THE MATTER OF THE SEARCH OF**    :    **MEMORANDUM DECISION**
**INFORMATION ASSOCIATED WITH**        **AND ORDER**
**E-MAIL ACCOUNTS**
:    1:18-MJ-723 (AMD) *SEALED*

------------------------------------------------------------- X

**ANN M. DONNELLY,** United States District Judge:

By order dated July 31, 2020, Magistrate Judge Robert Levy extended the nondisclosure order that prohibits Microsoft Corporation from informing one of its corporate customers about the existence of a search warrant targeting two employee email accounts. (ECF Nos. 4, 36, 82.) Microsoft seeks to modify the July 31, 2020 extension of the prior secrecy orders to allow it to notify an appropriate employee of the customer of the government's warrant. (ECF Nos. 81, 83.) For the following reasons, Microsoft's motion is denied.

## DISCUSSION[1]

On May 8, 2020, I upheld an order by Magistrate Judge Peggy Kuo denying Microsoft's motion to modify the government's original nondisclosure order, which Magistrate Judge Marilyn D. Go signed on August 3, 2020, and Magistrate Judge Steven Tiscione extended on August 1, 2019. (ECF No. 76.) Microsoft challenged the nondisclosure order as an unconstitutional prior restraint on its speech and argued that a less restrictive alternative—notification of an appropriate officer, director or employee of the corporate customer—would achieve the government's goal of maintaining the secrecy of the investigation while ensuring that

---

[1] The relevant facts and procedural history have been thoroughly outlined in the previous orders in the case. (*See* ECF Nos. 35, 76.)

the corporate "customer[] . . . maintain[ed] the same level of control and privacy over [its] cloud-based information as when [it] store[ed] that information on premises." (ECF No. 45 at 8, 12-13.)

Nondisclosure orders create a prior restraint on speech that carries "a heavy presumption against" their constitutionality. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 582-83 (1976); *see also John Doe, Inc. v. Mukasey*, 549 F.3d 861, 871 (2d Cir. 2008) (citing *Alexander v. United States*, 509 U.S. 544, 550 (1993)) ("[a] judicial order forbidding certain communications when issued in advance of the time that such communications are to occur is generally regarded as a prior restraint" on speech) (internal quotations omitted). Accordingly, the government must satisfy strict scrutiny to enforce a non-disclosure agreement. (ECF No. 76 at 6.)

In this case, I found that the government satisfied strict scrutiny by establishing a compelling government interest—good reason to believe that disclosing the search warrant to Microsoft's customer would jeopardize its investigation, which involved matters of national security—and by demonstrating that the nondisclosure order was narrowly tailored to achieve its compelling interest. (ECF. No. 76 at 8-10.) I also found that the government would have to satisfy strict scrutiny each year that it sought to extend the order. (*Id.* at 11.)

On July 31, 2020, Judge Levy extended the nondisclosure order for another year. (ECF No 82.) Microsoft again moves to modify the non-disclosure order to allow "notification of an appropriate individual" of the corporate customer. (ECF No. 81-1 at 2.) Microsoft renews the argument that it made in its appeal of Judge Kuo's order: that "certain specific individuals may safely be notified of the warrant without jeopardizing the government's investigation" because of the customer's size, organizational structure and other factors. (*Id.*) Microsoft also argues that

the "the government has had two full years to conduct its investigation and, as the Constitution requires, explore less restrictive alternatives to a blanket prohibition on speech." (*Id.*)

The government responds that the nondisclosure order continues to be "narrowly tailored to achieve the government's compelling interest in protecting the integrity of its ongoing criminal investigation." (ECF No. 84 at 2.) The government argues that Microsoft's proposal for a "less restrictive alternative" would not be as effective as the nondisclosure order in protecting the government's ongoing investigation, and would require the government to restrain the speech of a person other than Microsoft. (*Id.*)

The nondisclosure order continues to satisfy strict scrutiny. 18 U.S.C. § 2705(b) authorizes a court to prohibit a service provider from notifying any person of the existence of a search warrant if there is "a 'good' reason to believe that disclosure may result in" any one of five enumerated harms: (1) danger to the life or physical safety of an individual, (2) flight from prosecution, (3) destruction of or tampering with evidence, (4) intimidation of potential witnesses, or (5) jeopardization of an investigation or undue delay of a trial. *Doe*, 549 F.3d at 881.

The government has established that notifying the subject company of the search warrant would jeopardize the ongoing investigation. █████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
According to the government, notifying the company of the existence of the search warrant would give the individuals and entities in question—including individuals not listed in the search

3

warrant—the opportunity "to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior or intimidate potential witnesses." (*Id.* at 2-3.) This information, along with evidence previously presented to the Court, establishes that the government has a compelling interest in nondisclosure that outweighs Microsoft's First Amendment rights. The nondisclosure order, limited to one year, is narrowly tailored to achieve that compelling interest and therefore satisfies strict scrutiny. As explained in my previous order, Microsoft's proposal that it be permitted to notify an officer, director or employee of the corporate customer is not as effective in achieving the Government's purpose as the nondisclosure order. Accordingly, Microsoft's motion to modify the nondisclosure order is denied.

## CONCLUSION

Microsoft's motion to modify the nondisclosure order is denied. By November 20, 2020, the parties must identify the portions of this document, if any, that they wish to redact and maintain under seal, and explain the need for such continued secrecy. The portions of this document as to which there is no such showing of need will then be unsealed.

**SO ORDERED.**

                                                                                    s/Ann M. Donnelly
                                                       ANN M. DONNELLY
                                                       United States District Judge

Dated: Brooklyn, New York
        November 6, 2020